**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **MATTHEW WADE, JR.,** | * | |
| **Plaintiff** | * | |
| v. | * | Civil Action No. PWG-17-3693 |
| **CORR. OFC. CHRISTOPHER CAVINS,** *et al.*, | * | |
| | * | |
| **Defendants** | | |
| | *** | |

## MEMORANDUM OPINION AND ORDER

In a comprehensive Memorandum Opinion and Order issued February 21, 2019 in this 42 U.S.C. § 1983 action, I granted summary judgment in favor of some defendants and denied summary judgment to Defendants Melanie Griffin (who subsequently filed an answer), Correctional Officer Christopher Cavins, and Sergeant John Muncey. ECF Nos. 37 & 38.[1] Cavins and Muncey promptly filed a Motion for Reconsideration. ECF No. 47.[2] Because they have not shown any grounds for reconsideration, however, their motion is denied for the reasons stated in the Memorandum Opinion and Order signed February 21, 2019. *See* Fed. R. Civ. P. 54(b).

## Standard of Review

Rule 54(b) governs motions for reconsideration of non-final orders, such as the February 21, 2019 Memorandum Opinion and Order granting summary judgment in part and denying it in part. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991).

---

[1] I set out the factual background of this litigation in that Memorandum Opinion.

[2] The parties fully briefed the Motion. ECF Nos. 52, 61, 62. A hearing is not necessary. *See* Loc. R. 105.6.

It provides that such an order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

The Fourth Circuit has not stated a standard for review of a Rule 54(b) motion, but it has said that, "generally at least, a review of an interlocutory order under Rule 54 is not subject to the restrictive standards of motions for reconsideration of final judgments under Rule 60." *Fayetteville Investors*, 936 F.2d at 1472; *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Nor is the standard for Rule 59(e) binding on review under Rule 54. *See Am. Canoe Ass'n*, 326 F.3d at 514; *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014). Nonetheless, "courts frequently look to these standards for guidance in considering such motions." *Cezair*, 2014 WL 4955535, at *1; *see also Peters v. City of Mt. Rainier*, No. GJH-14-955, 2014 WL 4855032, at *3 n.1 (D. Md. Sept. 29, 2014) (looking to Rule 60(b) standard); *Harper v. Anchor Packing. Co.*, No. GLR-12-460, 2014 WL 3828387, at *1 (D. Md. Aug. 1, 2014) (looking to Rule 59(e) standard); *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001) (applying Rule 59(e) standard). A Rule 59(e) motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Rule 60(b) provides overlapping, but broader, bases for relief from a court order, including that there has been "mistake, inadvertence, surprise, . . . excusable neglect[,] . . . newly discovered evidence[,] . . . fraud . . . , misrepresentation, or misconduct"; that "the judgment is void" or "has been satisfied"; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

In keeping with these standards, this Court has held that "[a] motion for reconsideration is appropriate to 'correct manifest errors of law or fact or to present newly discovered evidence,' or

where there has been an intervening change in controlling law." *Potter*, 199 F.R.D. at 552 n.1 (citations omitted). Notably, it "is not a license for a losing party's attorney to get a second bite at the apple." *Id.* at 552–53 (quoting *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Co. 1988)). Thus, a filing a motion for reconsideration does not afford a party the opportunity "to relitigate a case after the court has ruled against [it]." *Chae Bros., LLC v. Mayor & City Council of Baltimore*, No. GJH-17-1657, 2019 WL 1040434, at *2 (D. Md. Mar. 5, 2019) (quoting *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013)). These "rules of constraint . . . make sense when a district court is asked to reconsider its own order" because "'[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 452–53 (4th Cir. 2005) (quoting *Potter*, 199 F.R.D. at 553).

## Discussion

Defendants insist that they "did not breach their duty, let alone act with deliberate indifference in upholding their duty to keep Plaintiff reasonably safe from substantial bodily harm." Defs.' Mot. 2. Asserting that "[p]rison officials' duties to inmates does [sic] not require investigating baseless allegations" and that "[p]rison officials will not be liable for failure to protect an inmate from harm by another inmate where the inmate's assertions are vague, lacking particularization of a specific threatened incident or identification of 'enemies,'" Defendants contend that the measures they took were reasonable under the circumstances. *Id.* at 4, 5. In their view, "[d]enying summary judgment for Defendants would create and impose new duties on prison officials and extend their duty to protect inmates beyond what is required under clearly established precedent both now and at the time of Plaintiff's complaint." *Id.* at 2–3. They also argue that

3

they are entitled to qualified immunity and it was error for the Court not to hold that they are immune from liability because, as they see it, there was no clearly established law requiring them to do more than they did for Wade. *Id.* at 3.

I note that Defendants neither cited nor applied the standard for a motion for reconsideration in their opening brief. *See* Defs.' Mot. In their Reply, Defendants identify Rule 54(b) as "the proper context for considering Defendants' motion to reconsider," Defs.' Reply 1, and argue that the February 21, 2019 "decision was based on error of law and will cause manifest injustice," *id.* at 2. Simply put, Defendants argue that the Court considered the evidence before it and reached the wrong answer, thereby creating new law, and they are concerned about the implication of that holding going forward. Additionally, they use their argument that the February 21, 2019 Memorandum Opinion and Order creates new law to amplify their previously-undeveloped argument that they are entitled to qualified immunity.

Yet, motions for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *J&J Sports Prods., Inc. v. LaCasa Del Mofongo LLC*, No. PX-18-1283, 2019 WL 2142532, at *1 (D. Md. May 15, 2019) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). As for reconsideration based on clear error of law specifically,

> "mere disagreement" with a court's ruling is not enough to justify granting a motion for reconsideration. *Lynn*, 953 F. Supp. 2d at 620 (quoting *Sanders* [*v. Prince George's Pub. Sch. Sys.*, No. RWT-08-501], 2011 WL 4443441, at *1 [(D. Md. Sept. 21, 2011)]). Rather, to justify granting a motion for reconsideration on the basis of clear error, "the prior judgment cannot be 'just maybe or probably wrong; it must ... strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. 2012) (alteration in original) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)). In other words, the Court's previous judgment must be "dead wrong." *Franchot*, 572 F.3d at 194 (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). Further, a "'factually supported and legally justified' decision does not constitute clear error." *Lawley v. Northam*, No. ELH-10-1074,

2013 WL 4525288, at *1 (D. Md. Aug. 23, 2013) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir. 1993)).

*Chae Bros.*, 2019 WL 1040434, at *2. Similarly, "[t]o show manifest injustice, a party must establish an error that is 'direct, obvious, and observable.'" *Id.* at *2 n.2 (quoting *Register v. Cameron & Barkley Co.*, 481 F. Supp. 2d 479, 480 n.1 (D.S.C. 2007)). "This Court has emphasized that '[c]lear error or manifest injustice occurs where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . .'" *Negash v. United States*, No. RDB-17-1954, 2018 WL 3428716, at *3 (D. Md. July 16, 2018) (quoting *Wagner v. Warden*, Civ. No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (internal quotation marks omitted)), *aff'd*, No. 18-1869, 2019 WL 2005678 (4th Cir. May 7, 2019).

Thus, Defendants cannot employ their motion for reconsideration to present a more fulsome argument in support of qualified immunity; they had the opportunity to do so when they raised the defense in their dispositive motion. *See Pac. Ins. Co.*, 148 F.3d at 403; *J&J Sports Prods.*, 2019 WL 2142532, at *1. Nor can they argue anew that the undisputed evidence shows that they were not deliberately indifferent to Wade's safety, simply because they disagree with the outcome of their dispositive motion. *See Pac. Ins. Co.*, 148 F.3d at 403; *J&J Sports Prods.*, 2019 WL 2142532, at *1; *Chae Bros.*, 2019 WL 1040434, at *2; *Lynn*, 953 F. Supp. 2d at 620.

Further, there is no readily apparent error or misunderstanding in the February 21, 2019 Memorandum Opinion and Order, which is both "factually supported and legally justified." *See Chae Bros.*, 2019 WL 1040434, at *2; *Lawley v. Northam*, No. ELH-10-1074, 2013 WL 4525288, at *1 (D. Md. Aug. 23, 2013). Defendants insist that the measures they took to ensure Plaintiff's safety were reasonable because he had multiple opportunities to explain his concerns, including at the infraction hearing. Defs.' Mem. 5. But, the issue is not whether Wade could state his concerns;

5

it is whether Defendants responded to those concerns with indifference. Moreover, the transcript of the infraction hearing shows that the focus was on whether Wade violated a rule and should receive an infraction: He was providing information to justify his own actions, not to inform Defendants about the threat to his safety. *See* Jan. 28, 2015 Hr'g Tr., ECF No. 13-8. And, Wade stated in the hearing and asserted in his sworn Complaint that he had paperwork detailing his role as a witness to a homicide, but Defendants did not request the paperwork. *Id.* at 3. Additionally, insofar as Defendants argue that it was Wade who was negligent in protecting himself, a standard that is not a part of the deliberate indifference analysis, I note that, on the record before me, Wade did provide a written statement when given the opportunity, and Defendants did not inform him that he had not provided enough information.

To be clear, the February 21, 2019 Memorandum Opinion and Order does not establish new law; it applies the clearly established standard for deliberate indifference. Defendants were not expected to investigate "baseless allegations" and speculation, which they contend was all that was before them, *see* Defs.' Mot. 4, 5. Rather, in keeping with clearly established law, they could not disregard what appeared to be—and indeed turned out to be—a specific threat to Wade's safety. Defendants both stated what steps they would take if an inmate alerted them that he had enemies, but they have not shown that they took those steps. And, insofar as they challenge the credibility of Wade's sworn allegations in his Complaint, the credibility of his statements is not to be determined on summary judgment. *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002). On this record, even if Defendants could present new argument for qualified immunity in their motion for reconsideration, they are not entitled to either qualified immunity or summary judgment in their favor on the merits. Therefore, Defendants have not established clear error or manifest injustice as a ground for reconsideration. *See TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009); *Chae Bros.*, 2019 WL 1040434, at *2 & n.2; *Negash*,

2018 WL 3428716, at *3; *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. 2012).  They will not be given a second bite of the apple.  The Motion for Reconsideration is denied.

### **ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is, this 7th day of June, 2019, hereby ORDERED that Defendants' Motion for Reconsideration, ECF Nos. 47 & 52, IS DENIED.

/S/<br>
Paul W. Grimm<br>
United States District Judge